# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL BOYD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-17612** |
| **JASON KENT, WARDEN** | **SECTION: "E"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Michael Boyd, is a state prisoner incarcerated in the Dixon Correctional Institute in Jackson, Louisiana. On May 4, 2006, he was convicted of distribution of cocaine, possession of a firearm by a convicted felon, and possession with intent to distribute cocaine.[1] On November 16, 2006, he was found to be an habitual offender and was sentenced to the following terms of imprisonment: on the distribution conviction to a term of thirty years; on the firearm conviction to a term of ten years without benefit of benefit of probation, parole, or suspension of sentence; and on the possession with intent to distribute conviction to a term of fifteen years. It was ordered

---

[1] State Rec., Vol. 3 of 5, transcript of May 4, 2006, pp. 72-73; State Rec., Vol. 1 of 5, jury verdict forms.

that the sentences be served consecutively.[2] On March 26, 2008, the Louisiana First Circuit Court of Appeal affirmed his convictions, habitual offender adjudication, and sentences.[3] The Louisiana Supreme Court then denied his related writ application on November 10, 2008.[4]

On June 10, 2010, petitioner filed a post-conviction application, along with a request for a copy of the trial transcript, with the state district court.[5] On June 28, 2011, the court ordered that petitioner be provided with a copy of the transcript and further ordered that he file a supplemental application for post-conviction relief.[6] On January 6, 2012, he filed the supplemental application.[7] After an evidentiary hearing, post-conviction relief was denied on December 2, 2014.[8] Petitioner's related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on April 10, 2015,[9] and September 8, 2015,[10] and by the Louisiana Supreme Court on November 15, 2016.[11]

On December 2, 2016, petitioner filed the instant federal application seeking habeas corpus relief.[12] The state filed a response arguing that the application is untimely.[13] The state is correct.

---

[2] State Rec., Vol. 3 of 5, transcript of November 16, 2006; State Rec., Vol. 1 of 5, minute entry dated November 16, 2006.
[3] State v. Boyd, No. 2007 KA 1763 (La. App. 1st Cir. Mar. 26, 2008); State Rec., Vol. 1 of 5.
[4] State v. Boyd, 996 So.2d 1067 (La. 2008); State Rec., Vol. 1 of 5.
[5] State Rec., Vol. 1 of 5. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to the *pro se* filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the applications were obviously placed in the mail no earlier than the date they were signed.
[6] State Rec., Vol. 1 of 5, Order dated June 28, 2011.
[7] State Rec., Vol. 1 of 5.
[8] State Rec., Vol. 2 of 5, transcript of December 2, 2014, p. 24.
[9] State v. Boyd, No. 2015 KW 0125 (La. App. 1st Cir. Apr. 10, 2015); State Rec., Vol. 2 of 5.
[10] State v. Boyd, No. 2015 KW 0842 (La. App. 1st Cir. Sept. 8, 2015); State Rec., Vol. 2 of 5.
[11] State ex rel. Boyd v. State, 206 So.3d 180 (La. 2016); State Rec., Vol. 2 of 5.
[12] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that the placed the application in the prison mailing system on December 2, 2016. Rec. Doc. 3, p. 6.
[13] Rec. Doc. 10.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[14] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

Here, the Louisiana Supreme Court denied petitioner's direct-review writ application on November 10, 2008.[15] Accordingly, his state criminal judgment became final for AEDPA purposes, and his federal limitations period therefore commenced, on February 9, 2009, when his period expired for seeking review by the United States Supreme Court.[16] His limitations period then expired one year later on February 9, 2010, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

---

[14] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.
[15] State v. Boyd, 996 So.2d 1067 (La. 2008); State Rec., Vol. 1 of 5.
[16] Because the ninetieth day of that period in the instant case fell on a Sunday, petitioner's deadline for seeking review by the United States Supreme Court was extended through the following Monday, February 9, 2009. See Rules of the Supreme Court of the United States, Rule 30 ("In the computation of any period of time prescribed or allowed by these Rules, by order of the Court, or by an applicable statute, the day of the act, event, or default from which the designated period begins to run is not included. The last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday listed in 5 U.S.C. § 6103, or day on which the Court building is closed by order of the Court or the Chief Justice, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed.").

counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.[17] Accordingly, he clearly is not entitled to statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations."

---

[17] Petitioner's only state court filings during that period were motions seeking transcripts and other documents. However, such applications are not considered applications "for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).
    Further, although petitioner subsequently filed post-conviction applications, applications filed *after* the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [i]s nothing to toll." Butler v. Cain, 533 F.3d 314, 318 (5th Cir. 2008).

McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). Petitioner does not invoke McQuiggin. However, in the event he does so in any objections to this Report and Recommendation, the undersigned finds that petitioner has not made the showing required under McQuiggin for the following reasons.

In McQuiggin, the Supreme Court expressly cautioned: "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Further, as the United States Sixth Circuit Court of Appeals has explained:

> To assess that question, a court must survey "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (internal quotation marks omitted). With "all the evidence" thus in mind, the court's final task is "to assess the likely impact of the evidence on reasonable jurors"; it is not to work through an "independent factual determination" to divine "what likely occurred." Id. (internal quotation marks omitted).

Eberle v. Warden, Mansfield Correctional Institution, 532 Fed. App'x 605, 613 (6th Cir. 2013); accord Johnson v. Cain, Civ. Action No. 14-543, 2015 WL 4528889, at *2-3 (E.D. La. July 27, 2015), aff'd, 667 Fed. App'x 474 (5th Cir. 2016), cert. denied, 137 S. Ct. 1105 (2017); Lyles v. Tanner, Civ. Action No. 13-655, 2014 WL 4674673, at *6 (E.D. La. Sept. 17, 2014).

A logical starting point, therefore, is to look at the "old" evidence, i.e. the evidence presented at trial and on which petitioner's convictions were based. See, e.g., Johnson, 2015 WL 4528889, at *3; Lyles, 2014 WL 4674673, at *6. Here, that evidence was recounted in the Louisiana First Circuit Court of Appeal's summary of the facts of this case on direct appeal:

> On November 15, 2005, Terrebonne Parish Sheriff's Office (TPSO) Narcotics Agents arranged for Arthur Thiel to purchase drugs from the defendant. Thiel telephoned the defendant to arrange the drug deal, and then used $400 in documented money to purchase cocaine from the defendant at his residence.
> Following the drug deal, the narcotics agents obtained a search warrant for the defendant's residence. They subsequently recovered two handguns and a shotgun from the master bedroom of the residence. They also recovered $3200, including the documented funds, hidden under a dresser in the master bedroom. Additional cocaine was recovered from the center console of the defendant's girlfriend's vehicle after the defendant was stopped for a traffic violation while driving the vehicle.[18]

The foregoing "old" evidence was obviously compelling evidence of guilt, and so petitioner would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Here, petitioner presents no new evidence whatsoever, much less any evidence of the type or caliber referenced in Schlup. Therefore, he has not met "the threshold requirement" for McQuiggin to apply, i.e. a showing that "in light of the *new* evidence, *no* juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup, 513 U.S. at 329; emphasis added). Accordingly, McQuiggin does not aid him.

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than February 9, 2010, in

---

[18] State v. Boyd, No. 2007 KA 1763, p. 3 (La. App. 1st Cir. Mar. 26, 2008); State Rec., Vol. 1 of 5.

order to be timely. His application was not filed until on or after December 2, 2016, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Michael Boyd be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this second day of June, 2017.

JANIS VAN MEERVELD
UNITED STATES MAGISTRATE JUDGE

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.